IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEELWORKERS PENSION TRUST, By DANIEL A. BOSH, Chairman, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| GLOBAL VALUES, INC. and ANAND S. ANANDAN, | ) ) ) |
| Defendants. | ) ) |

Civil Action No. 2:23-cv-266

## COMPLAINT

1. This action arises from Defendant Global Values, Inc.'s failure to pay the amount of its monthly pension contributions to Plaintiff Steelworkers Pension Trust ("SPT"), in violation of its Collective Bargaining Agreement ("CBA") with the United Steel, Paper, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service-Workers International Union (the "USW").

2. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132 and 1145.

3. The SPT is a Pennsylvania non-profit corporation which maintains its principal place of business at 60 Boulevard of the Allies, Suite 600, Pittsburgh, Pennsylvania 15222.

4. Given that the SPT is administered in Pittsburgh, venue is appropriate in this judicial district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

5. The SPT is a multiemployer plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

6. The SPT is maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

7. The SPT is a jointly administered employee benefit trust fund composed of an equal number of union and management trustees, established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act (Taft-Hartley Act), 29 U.S.C. §186(c)(5).

8. Daniel A. Bosh, being Chairman of the SPT's Board of Trustees ("Board"), is duly authorized to act on behalf of the Board. Mr. Bosh and the Board are fiduciaries of the SPT within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

9. Defendant Global Values, Inc. is engaged in the manufacturing business and maintains its principal place of business at 582 E. Home Avenue, Palatine, Illinois 60074.

10. Global Values, Inc. submitted reports to the SPT without payments for the June through December 2022 work months, causing interest and liquidated damages to accrue from the date of each report.

11. Global Values as also failed to pay interest and liquidated damages owed to the SPT due to its late payment of principal contributions owed for the work months of March 2022 through May 2022.

12. The SPT has demanded that Global Values, Inc. pay all amounts due and owing but Global Values, Inc. has not paid.

## COUNT I

**UNPAID CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C §§ 1132(g)(2) AND 1145**

**ERISA Collection Action**

13. The SPT incorporates the foregoing allegations as if fully set forth herein.

14. Global Values, Inc. is delinquent to the SPT under its CBA and 29 U.S.C. § 1145 for failing to fully comply with its contribution obligation to the SPT.

15. The SPT is therefore entitled to unpaid contributions, interest, liquidated damages, and attorneys' fees and costs under 29 U.S.C. § 1132(g)(2).

16. The SPT is entitled to unpaid contributions reported by Global Values Inc. in the amount of $90,717.21 for the June 2022 through December 2022 work months.

17. The SPT is entitled to interest on the unpaid contributions at a rate of 15% per year, per the SPT's Declaration of Trust (to which Global Values, Inc. is bound by virtue of the CBA), in an amount that, through February 28, 2023, totals $3,627.95.

18. After February 28, 2023, interest will continue to accrue on the unpaid contributions at the rate of $37.28 per day (($90,717.21 x 0.15)/365 = $37.28), and the SPT remains entitled to collect the same until the termination of this case.

19. The SPT is entitled to liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C), for an amount equal to the greater of (i) interest on unpaid contributions, *i.e.,* a "double interest" award, or (ii) liquidated damages provided for under the plan, which, according to the Declaration of Trust, equals 10% of each missed payment.

20. To the extent the liquidated damages at 10% of each missed payment remain greater than the interest on the unpaid contributions, the liquidated damages total $9,071.72.

21. The SPT is also entitled to interest totaling $465.68 and liquidated damages totaling $3,709.21 due to Global Values Inc.'s late payments of its principal contributions owed for the March 2022 through May 2022 work months.

22. In accordance with the above, Global Values, Inc. is currently delinquent to the SPT in the total amount of $107,591.77

23. Pursuant to 29 U.S.C. § 1132(g)(2)(D), the SPT also is entitled to reasonable attorneys' fees and costs in this action.

24.     Because this amount will continue to increase as Global Values, Inc. continues to ignore its contribution obligation, prior to the Court's entry of judgment in this matter, the SPT reserves its right to submit a petition for principal contributions, interest, liquidated damages, reasonable attorneys' fees and costs for the Court's review pursuant to 29 U.S.C. § 1132(g)(2).

25.     Plaintiff SPT also claims any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Global Values, Inc. to the SPT until the termination of this case.  If Global Values, Inc. submits future late reports and/or payments or it is determined by the SPT that additional amounts are owed by Global Values, Inc. to the SPT, interest will be assessed on such principal amounts at one and one-quarter percent (1 1/4%) per month and liquidated damages at ten percent (10%) of the amount due.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

26.     In all, Global Values, Inc.'s failure to pay its monthly contributions, as required under the CBA, has caused the SPT to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension benefits to covered workers and their families.

WHEREFORE, the SPT demands the following relief:

a.      For Global Values, Inc. to be required to file complete and accurate monthly remittance reports with the SPT covering all aspects of Global Values, Inc.'s business operations from January 2023 through the present; and

b.      For Global Values, Inc. to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by Global Values, Inc.'s covered employees for the last

        three years to enable the SPT to verify the amounts due and owing to the SPT; and

c.      For a money judgment in favor of the SPT and against Global Values, Inc. in the sum of $107,591.77, plus such additional amounts shown to be owed to the SPT until termination of this case, plus liquidated damages, attorneys' fees, and costs of suit; and for such other and further relief as the Court may deem just.

## **COUNT II**

### **ERISA Breach of Fiduciary Duty Action**

27.    The SPT incorporates the foregoing allegations as if fully set forth herein.

28.    At all times material hereto, Defendant Anand S. Anandan ("A. Anandan") served as the President of Global Values, Inc. at the address listed in Paragraph 9.

29.    At all times material hereto, A. Anandan was responsible for overseeing the collection of all monies payable to Global Values, Inc. resulting from the work performed by steelworkers employed under such CBA.

30.    At all times material hereto, A. Anandan was responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions to the SPT.

31.    At all times material hereto, A. Anandan also had check signing authority and the right to make decisions as to what obligations and/or payments of Global Values were to be paid and which ones were not to be paid.

32.    At the time such fringe benefit contributions became due and payable by Global Values, Inc. to the SPT, such monies became assets of the SPT.

33. At all times material hereto, A. Anandan was aware of the obligations of Global Values, Inc. to timely pay fringe benefits to the SPT.

34. At all times material hereto, A. Anandan was aware that Global Values, Inc. failed to timely pay all required fringe benefits to the SPT.

35. Nevertheless, A. Anandan prioritized payment of corporate expenses that personally benefitted him over payment to the SPT.

36. Based upon the foregoing, A. Anandan constitutes a "fiduciary" under ERISA and, as such, owed fiduciary duties to the SPT.

37. Based upon the foregoing, A. Anandan violated his duty of loyalty to the beneficiaries of the SPT.

38. Based upon the foregoing, A. Anandan also breached his fiduciary duties to the SPT by failing to cause Global Values, Inc. pay to the SPT such contributions once they became due and payable, and is therefore personally liable for all fringe benefits and associated interest, liquidated damages, attorneys' fees and legal costs owed by Global Values, Inc. to the SPT.

39. The principal contributions owed to the SPT for June through December 2022 total $90,717.21. In addition, interest through February 28, 2023 of $3,627.95 is due and liquidated damages of $9,071.72 due to the SPT for a total deficiency of $103,416.88 owed for the unpaid June through November 2022 work months. Interest will continue to accrue after February 28, 2023 at the rate of $37.28 per day.

40. A. Anandan also owes interest totaling $465.68 and liquidated damages totaling $3,709.21 due to Global Values' late payments of its principal contributions owed for the March 2022 through May 2022 work months.

41.     Plaintiff SPT has demanded from A. Anandan payment of all such amounts due, but A. Anandan has neglected and continues to neglect to pay such amounts.

42.     In accordance with the above, A. Anandan is currently delinquent to the SPT in the total amount of $107,591.77.

43.     Pursuant to 29 U.S.C. § 1132(g)(2)(D), the SPT also is entitled to reasonable attorneys' fees and costs in this action.

44.     Because this amount will continue to increase if it remains unpaid, prior to the Court's entry of judgment in this matter, the SPT reserves its right to submit a petition for principal contributions, interest, liquidated damages, reasonable attorneys' fees and costs for the Court's review pursuant to 29 U.S.C. § 1132(g)(2).

45.     Plaintiff SPT also claims any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Global Values, Inc. to the SPT until the termination of this case.  If Global Values, Inc. submits future late reports and/or payments or it is determined by the SPT that additional amounts are owed by Global Values, Inc. to the SPT, interest will be assessed on such principal amounts at one and one-quarter percent (1 1/4%) per month and liquidated damages at ten percent (10%) of the amount due.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

WHEREFORE, Plaintiff, Steelworkers Pension Trust by Daniel A. Bosh, Chairman, demands that judgment be entered against Anand S. Anandan in the amount of $107,591.77, plus interest from February 28, 2023 at a per diem rate of $37.28, plus legal costs, plus additional charges and fees.

TUCKER ARENSBERG, P.C.


*s/Ian M. Grecco*
Neil J. Gregorio, Esquire
PA I.D. No. 90859
Ian M. Grecco, Esquire
PA I.D. No. 324372
1500 One PPG Place
Pittsburgh, PA 15222
(412) 594-3911

Attorneys for Plaintiff

Steelworkers Pension Trust, By
Daniel A. Bosh, Chairman

TADMS:11346118-1 029107-192824

- 8 -